**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| **JAMES McNAMARA** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **KMART CORPORATION** | : | **NO. 2008/18** |

**MEMORANDUM OPINION**

Savage, J.                                                                                            September 8, 2011

  After a jury found in his favor in this personal injury case, plaintiff James McNamara ("McNamara") has moved for an award of costs. He seeks reimbursement of expenses under Federal Rule of Civil Procedure 54(d)(1) for his filing fee, service of process, witness fees and expert fees. Kmart Corporation ("Kmart") argues that McNamara's request for costs is excessive. It also contends that because the jury award was less than the jurisdictional amount, McNamara's request for costs should be denied.

**Background**

  McNamara sued Kmart for negligence in federal court, claiming that he injured his lower back when he slipped in Kmart's store on January 24, 2008. Within five weeks of the incident and before any physician had reached a conclusion as to the permanency or extent of his condition and injuries, McNamara filed his complaint. He alleged that as a result of his injuries he suffered a loss of income and loss of capacity to earn income "which will continue into the foreseeable future." *Compl.,* at 11.

  Six days after the incident, McNamara saw Dr. Gary Jett, a physiatrist, who examined him and prescribed physical therapy three times a week for four weeks. Dr. Jett did not see his patient again until almost seven months later. At that time, the doctor

reduced the physical therapy to twice a week for four weeks.

McNamara did not miss any time from work as a result of his injuries.  He continued to work full-time for the Virgin Islands Legislature at his same job from the time of the incident to the time of trial.

On March 18, 2009, after a two-day trial, the jury returned a verdict in favor of McNamara and awarded him $72,000 in damages.   As the prevailing party, he has requested  $20,858.67 in costs.

## Discussion

Pursuant to Rule 54(d)(1), a prevailing party should be awarded costs unless a statute, a rule, or a court order provides otherwise.[1]  Fed. R. Civ. P. 54(d)(1).  Section 1332(b) of Title 28 is such a statute. In a diversity action brought under 28 U.S.C. § 1332(b), costs may be denied when the prevailing plaintiff recovers less than $75,000.  28 U.S.C. § 1332(b)*; see also Cosgrove v. Bartolotta,* 150 F.3d 729, 734 (7th Cir. 1998) (prevailing party can be denied costs if award is less than jurisdictional amount, even if the claim was brought in good faith); *Kovacs v. Chesley,* 406 F.3d 393, 397 n.4 (6th Cir. 2005) (plaintiffs who fail to recover $75,000 may be denied costs under § 1332(b)); *Perlman v. Zell,* 185 F.3d 850, 859 (7th Cir. 1999) (". . . if the outcome shows that the case did not belong in federal court, then costs may be denied."); *Jordan F. Miller Corp. v. Mid-Continent Aircraft Serv., Inc.,* No. 98-5104, 1999 WL 164955, at *3 (10th Cir. March 24, 1999) (Section 1332(b) "leaves the determination on allocation of costs to the discretion of

---

[1] Rule 54(d) applies to the District Court of the Virgin Islands.  *Dr. Bernard Heller Found. v. Lee,* 847 F.2d 83, 86 (3d Cir. 1988); *Monoson v. United States*, No. 98-46, 2008 WL 2064631, at *1 (D.V.I. 2008).

the judge."); *Britt v. Einhorn,* No. 06-5810, 2009 WL 536878, at *3 (D.N.J. Feb. 27, 2009) (denying costs in diversity action where damages were below jurisdictional amount).

On March 18, 2009, the jury awarded McNamara $72,000 in damages. This amount was not unreasonably low in light of McNamara's minor injury, his limited medical treatment and the absence of any work loss.[2] Thus, because McNamara brought this action pursuant to diversity jurisdiction and received a verdict less than $75,000, we shall deny costs pursuant to § 1332(b).

---

[2] In denying McNamara's costs, we give consideration to the minor nature of his injuries. *See, e.g., Collazo-Santiago v. Toyota Motor Corp.,* 957 F.Supp. 349, 359 (D.P.R. 1997).